**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 06-451-PCT-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Alvera James Begay, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's Motion for Production (Doc. #22).  The Court now rules on the Motion.

I.      BACKGROUND

During the government's investigation of a homicide, it subpoenaed Alvera James Begay ("Defendant") to testify before a grand jury concerning issues relating to her knowledge of events surrounding the homicide.  The government alleges that Defendant made false statements during her testimony before the grand jury.  Additionally, the government alleges that Defendant made false statements to the Federal Bureau of Investigation ("FBI").

Defendant has been indicted on two counts: (1) False Declaration before a Federal Grand Jury in violation of 18 U.S.C. § 1623; and (2) False Statements in violation of 18 U.S.C. § 1001(a)(2).  Due to the government's allegations, Defendant filed the Present Motion for Production in order to compel the government to produce the complete transcript

1  of the grand jury proceedings in this case.  Defendant also requests the production of copies
2  of any of her statements that are in the government's control.  Defendant argues that she must
3  be able to review these documents in order to properly prepare the defense of her case.

4  II.      LEGAL ANALYSIS AND CONCLUSION

5          The Ninth Circuit Court of Appeals has recognized that grand jury proceedings are
6  the type of government operation that depends on secrecy.  *Times Mirror Co. v. United*
7  *States*, 873 F.2d 1210, 1215 (9th Cir. 1989).  Therefore, the Court can deny a motion to
8  produce transcripts of testimony before the grand jury where Defendant has not shown a
9  particularized need for the testimony.  *United States v. Thompson*, 493 F.2d 305, 309 (9th
10 Cir. 1974).  When a particularized need is shown, only relevant portions of the grand jury
11 transcript must be turned over.  *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683
12 (1958).  In fact, the U.S. Supreme Court has previously criticized district courts for ordering
13 the production of complete grand jury transcripts.  *See id.*

14         Because Defendant is accused of making a false declaration before a federal grand
15 jury, the government must prove that Defendant's false statements were material in nature.
16 Defendant argues that materiality can only be assessed by a review of the complete grand
17 jury transcript.  Thus, she argues that she has a particularized need for the production of the
18 complete transcript, but the Court disagrees.

19         Defendant has only shown a particularized need for the production of the portions of
20 the grand jury transcript that contain her testimony.  A review of this testimony and the case
21 agent's summary grand jury testimony, which the government has agreed to produce, will
22 enable Defendant to determine whether her statements were material in nature.  It is not
23 necessary for Defendant to review the complete grand jury transcript to determine
24 materiality, especially considering that the government's homicide investigation is ongoing.
25 The government's need for secrecy in this case is paramount to any desire Defendant might
26 have for the production of the complete transcript.  Furthermore, there is no need to
27 jeopardize the government's homicide investigation by ordering the production of an entire
28 grand jury transcript when ordering the production of only relevant portions will suffice.

Finally, the government has previously provided Defendant with FBI reports, including transcripts of her interviews, pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Thus, the government has already given Defendant copies of all of her statements that are in its control. The Court has analyzed the time records of attorney services rendered (Doc. #101, Exhs. 3A, 3B, and 3C)

Accordingly,

IT IS ORDERED granting in part and denying in part Defendant's Motion for Production (Doc. #22).

IT IS FURTHER ORDERED that the government shall produce the relevant portions of the grand jury transcript containing Defendant's testimony and the case agent's summary grand jury testimony by August 14, 2006.

DATED this 31st day of July, 2006.

_____
James A. Teilborg
United States District Judge

- 3 -